FRANK M. ADKINS v. FIELDCREST MILLS, INC.

No. 8410IC287

(Filed 4 December 1984)

**Master and Servant § 97.1— workers' compensation award—remanded for further findings**

   An order was remanded to the Industrial Commission where the action was decided before *Rutledge v. Tultex Corp.*, 308 N.C. 85, was handed down, the Commission made no finding as to whether plaintiff's exposure to cotton dust significantly contributed to or was a significant causal factor in his chronic obstructive lung disease, and the record was not sufficient for the Court of Appeals to draw a conclusion as a matter of law. G.S. 97-53(13).

APPEAL by defendant employer from opinion and award of the North Carolina Industrial Commission filed 21 December 1983. Heard in the Court of Appeals 27 November 1984.

Plaintiff filed this claim under the Workers' Compensation Act, asserting that he is entitled to benefits under the Act because of disability resulting from an occupational disease. Following a hearing, the Industrial Commission made findings of fact and conclusions of law and entered an opinion and award directing defendant to pay plaintiff compensation. Defendant appealed.

*Ling & Farran, by Stephen D. Ling, for plaintiff, appellee.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr., and Caroline Hudson, for defendant, appellant.*

HEDRICK, Judge.

The sole question presented on this appeal is set out in defendant's brief as follows:

Whether the Industrial Commission erred in finding and concluding that the employee is disabled as a result of a compensable occupational disease and in awarding compensation to the employee, on the grounds that all competent evidence supports a finding and conclusion that the employee's exposure to cotton dust did not cause or significantly contribute to the development of his chronic obstructive pulmonary disease.

The opinion and award entered by the Industrial Commission contains the following pertinent findings of fact and conclusions of law:

1. Plaintiff is 67 years old and worked for defendant-employer from February 17, 1933 to April 3, 1978 (43 years) except for about two years in the Army from 1944-1946. Plaintiff worked in the weaving department and was exposed to respirable cotton dust for at least 27 years (1933-1960) when he processed 100 percent cotton. Thereafter, he was exposed to respirable cotton dust in lesser concentrations due to the processing of more synthetics than cotton. Plaintiff was last exposed to cotton dust in 1976.

2. Plaintiff's breathing problem became noticeable about 1950. He experienced shortness of breath at work and in close spaces. After his problems became noticeable, plaintiff experienced wheezing and coughing and chest tightness at work continuously. His problems were better away from work and worse while at work. In 1977, plaintiff passed out one morning at work during pulmonary function surveillance tests conducted at the mill. Plaintiff stopped working for defendant-employer because of his breathing problems.

. . .

4. Plaintiff started smoking about 1936 and has smoked one pack per day or less since that time. Plaintiff smoked about 14 years before his breathing problem became noticeable. For about 20 years plaintiff could not smoke at work. After about 1960, smoking booths were put in. Plaintiff continues to smoke some, but he has cut down substantially.

5. Plaintiff has experienced shortness of breath every day of the week at least since 1973 and has experienced chronic chest tightness since 1971.

. . .

12. Plaintiff has moderate chronic obstructive pulmonary disease, and more specifically, suffers from chronic bronchitis, slight asthma and emphysema due to cigarette smoking and contributed to and aggravated by his cotton dust exposure, i.e. causes and conditions characteristic of and peculiar to his employment with defendant-employer.

. . .

14. . . . [H]owever, including that period of acute illness, plaintiff has been partially disabled since April 3, 1978 from chronic obstructive pulmonary disease which was at lease [sic] aggravated by his occupational exposure to cotton dust.

In *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983), our Supreme Court discussed at some length the difficulty experienced by the courts "in both articulating and applying a factual standard for determining whether there is an appropriate causal connection between the employment and the disease" in cases involving "lung disease." *Id.* at 94, 301 S.E. 2d at 365. The *Rutledge* court attempted to alleviate that difficulty by articulating a new legal standard by which to determine whether a claimant suffering from lung disease has a compensable occupational disease under G.S. 97-53(13):

[C]hronic obstructive lung disease may be an occupational disease provided the occupation in question exposed the worker to a greater risk of contracting this disease than members of the public generally, and provided the worker's exposure to cotton dust significantly contributed to, or was a significant causal factor in, the disease's development. This is

so even if other non-work-related factors also make significant contributions, or were significant causal factors.

*Significant* means "having or likely to have influence or effect: deserving to be considered: important, weighty, notable." Webster's Third New International Dictionary (1971). *Significant* is to be contrasted with *negligible, unimportant, present but not worthy of note, miniscule,* or *of little moment.* The factual inquiry, in other words, should be whether the occupational exposure was such a significant factor in the disease's development that without it the disease would not have developed to such an extent that it caused the physical disability which resulted in claimant's incapacity for work.

*Id.* at 101-02, 301 S.E. 2d at 369-70.

In the instant case, the Commission decided plaintiff's claim without benefit of the Supreme Court decision in *Rutledge*, which had not yet been handed down. Consequently, the Commission made no finding of fact as to whether plaintiff's exposure to cotton dust *significantly contributed to*, or was a *significant causal factor in*, the chronic obstructive lung disease from which plaintiff suffers. Although both plaintiff and defendant contend that the evidence in the record is of such a nature as to permit this Court to affirm or reverse the Commission's ruling without benefit of remand for additional findings of fact, we do not agree. Our examination of the record reveals evidence from which the Commission could find whether exposure to cotton dust significantly contributed to the development of plaintiff's lung disease. That evidence and the findings made by the Commission are insufficient, however, to permit this Court to draw such a conclusion as a matter of law.

For the reasons stated the order awarding plaintiff compensation for an occupational disease is vacated, and the cause is remanded to the Industrial Commission to make appropriate findings from the evidence as to whether exposure to cotton dust was "significant" in the development of the lung disease from which plaintiff suffers, and to enter an appropriate order.

Vacated and remanded.

Judges WEBB and HILL concur.