WESLEY ARMSTRONG, EMPLOYEE, PLAINTIFF v. CONE MILLS CORPORATION, EMPLOYER, AND LUMBERMANS MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8410IC267

(Filed 18 December 1984)

**Master and Servant § 68— workers' compensation—chronic obstructive lung disease—remand for proper findings**

     An action to recover workers' compensation for chronic obstructive lung disease must be remanded for proper findings where it is not clear from the Industrial Commission's conclusion as to the extent of plaintiff's disability whether the Commission weighed and considered plaintiff's age, education, experience and health as those factors affected plaintiff's ability to earn the

wages he was earning with defendant employer in the same or any other employment or whether the Commission simply concluded that a ten percent physical impairment automatically translated into ten percent disability.

APPEAL by plaintiff from Industrial Commission's order entered 3 November 1983. Heard in the Court of Appeals 15 November 1984.

Plaintiff sought compensation for disability caused by chronic obstructive lung disease. The hearing officer, Deputy Commissioner Shuford, entered an order in which he found that plaintiff suffered from a chronic obstructive pulmonary condition which had been accelerated or aggravated by plaintiff's exposure to cotton dust while working in cotton mills, including defendant Cone Mills' mill, and concluded that plaintiff's disability amounts to approximately ten percent of plaintiff's wage earning capacity. He further found that plaintiff's average weekly wage was $236.19 per week, and he awarded plaintiff compensation at the rate of $15.75 per week.

Plaintiff appealed this order to the Full Commission which affirmed and adopted Deputy Commissioner Shuford's order in all respects. Plaintiff has appealed from the order of the Full Commission.

*Charles R. Hassell, Jr. for plaintiff.*

*Smith, Moore, Smith, Schell & Hunter, by William L. Young, for defendants.*

WELLS, Judge.

In his sole argument, plaintiff contends that the Commission erred in failing to make appropriate findings of fact and conclusions of law on the issue of plaintiff's disability. More particularly, plaintiff argues that the Commission based its award only on the extent or percent of plaintiff's physical impairment, without considering and applying other evidence relating to plaintiff's disability or inability to earn wages. The standard of review is

> In passing upon an appeal from . . . the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) whether or not there was any competent evidence before the Commission to support its

findings of fact; and (2) whether or not the findings of fact of the Commission justify its legal conclusions and decision.

*Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981) (citations omitted). The dispositive question in this case is whether the Commission's findings of fact support its conclusion and decision that plaintiff's compensatory disease had reduced his capacity to earn wages by ten percent. In *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982), our supreme court held that the determination of whether a disability exists is a conclusion of law. N.C. Gen. Stat. § 97-2(9) (1979) defines disability for purposes of workers' compensation:

(9) Disability.—The term "disability" means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment.

In a workers' compensation case, the claimant has the burden of proving both the extent of his disability and its degree. *Hilliard v. Apex Cabinet Co., supra.*

In the case before us, the Commission found the following pertinent facts. Plaintiff, 68 years old, has a fourth grade education, and has worked in mills since "an early age."[1] During his employment in mills, including defendant's mill, plaintiff developed breathing problems, for which he takes medication. Plaintiff retired from mill employment at age 62. Since retiring from work, plaintiff has hauled some fruit from Florida. During the first year of such work, plaintiff made a profit of $1800. Plaintiff's fruit hauling business thereafter proved unprofitable and plaintiff discontinued that work. Plaintiff's average weekly wage with defendant Cone Mills was $236.19.[2] Plaintiff has a compensatory chronic obstructive pulmonary condition which was aggravated or accelerated by plaintiff's exposure to cotton dust while working for defendant Cone Mills, and such aggravation or acceleration has resulted in a reduction in plaintiff's wage earning capacity. The other pertinent findings of fact are found in paragraph six of the order, which we quote verbatim:

1. Plaintiff testified he began working in mills at age 14 or 15.

2. Based on this figure, plaintiff, if employed 50 weeks a year, would have earned $11,809.50 per year.

6. Plaintiff has been treated for and has taken medication for his breathing problem since before starting to work with defendant employer. In 1981 plaintiff was examined by Dr. Herbert A. Saltzman, medical expert of Durham specializing in pulmonary diseases. After examinations, Dr. Saltzman is of the opinion that while a case cannot be made for plaintiff having chronic byssinosis, a case can be made for aggravation of plaintiff's symptoms from exposure to cotton mill environment. The doctor believes that on a more likely than not basis such aggravation from exposure to the mill environment has contributed to plaintiff's overall impairment on an approximate basis of 10% to overall impairment.

Most of the material in paragraph six of the order is mere recitation of evidence and does not constitute findings of fact. It is clear, however, that the Commission, concluded that plaintiff had a ten percent disability based on Dr. Saltzman's testimony that plaintiff's compensatory disease contributed to plaintiff's "overall impairment on an approximate basis of 10%." This will not suffice to resolve the dispositive issue in this case; i.e., plaintiff's incapacity to earn wages. It is not clear from the Commission's conclusion as to the extent of plaintiff's disability whether the Commission weighed and considered plaintiff's age, education, experience and health, as those factors affected plaintiff's ability to earn the wages he was earning with defendant Cone Mills in the same or any other employment, or whether the Commission simply concluded that a ten percent physical impairment automatically translated into ten percent disability. It is settled law that a claimant, though physically able, may be unsuited for employment due to characteristics peculiar to him. *Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978); *see also Hilliard v. Apex Cabinet Co., supra.*

We remand this case for findings as to (1) whether plaintiff was incapable, after his injury, of earning the same wages he had earned before his injury in the same employment; (2) whether plaintiff was incapable, after his injury, of earning the same wages he had earned before his injury in any other employment; and (3) the extent of his ability to earn wages after his injury in the same employment; and (4) the extent of his ability to earn wages in any other employment. Based on such findings, the Com-

mission may then reach a proper decision as to the extent of plaintiff's disability.

Reversed and remanded.

Judges ARNOLD and BECTON concur.