JAMES THOMAS GIBSON, EMPLOYEE, PLAINTIFF v. LITTLE COTTON MFG. COMPANY, EMPLOYER, AND HOME INDEMNITY COMPANY, CARRIER, DEFENDANTS

No. 8410IC535

(Filed 19 February 1985)

1. Master and Servant § 68— byssinosis—standard for compensation

The Industrial Commission correctly found that plaintiff's disability was caused by his exposure to cotton dust, and that plaintiff's exposure significantly contributed to or was a causal factor of his chronic obstructive lung disease. Apportionment between causal factors is no longer the standard for disability compensation. G.S. 97-53(13).

2. Master and Servant § 69.1— byssinosis—findings as to degree of disability

The Industrial Commission erred by merely finding that plaintiff has an overall impairment of a certain percentage. The Commission must also ascertain the percentage of plaintiff's inability to work caused by his occupational disease, and must weigh and consider plaintiff's age, education, experience and health and how these factors have affected plaintiff's ability to earn wages in the same or other employment.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 14 December 1983. Heard in the Court of Appeals 15 January 1985.

Plaintiff sought compensation for total disability caused by his chronic obstructive pulmonary disease. The facts found show that plaintiff was born 19 September 1915, completed the seventh grade, started smoking at fourteen, and began working in cotton mills when he was fifteen. With the exception of a three-year period, he worked continuously in cotton textile mills from 1930 through 1971. While working in these mills he was exposed to varying amounts of respirable cotton dust, depending on the amount of cotton being processed.

After 1940, plaintiff began to experience shortness of breath and coughing. These symptoms were at their worst on Mondays after a return to work. Plaintiff's symptoms worsened through the years, but the coughing improved a little when plaintiff quit smoking in 1964.

Plaintiff did not work from 1971 to 1974, except for approximately six months in an all-synthetics operation. He started working for the defendant Little Cotton Manufacturing Company

in February 1974. He worked as an overseer in the card room where he was exposed to 100 percent cotton. He left in April 1975 after a disagreement with his supervisor. This was his last exposure to cotton dust, and his symptoms of chest tightness, wheezing, shortness of breath and a daily cough worsened during his employment at Little Cotton.

Plaintiff was last employed in the textile industry from June 1976 to January 1977 in the card room at Richmond Yarns where he was exposed to 100 percent synthetics. Plaintiff then elected to take Social Security retirement and work sporadically at odd jobs. His pulmonary symptoms continued to worsen during the time period following his employment at Little Cotton and he is now required to take prescribed drugs to alleviate his breathing difficulties.

The Full Commission affirmed the opinion and award of Deputy Commissioner Stephens in which she found:

> Both his smoking history and his exposure to cotton dust were significant etiologic factors in the development of his lung disease. His continued exposure to cotton dust after he stopped smoking was a significant factor in the progression of his disease, and a portion of his lung disease which was caused by his smoking habit was aggravated and accelerated by his exposure to cotton dust.

She further found that plaintiff suffers permanently from a 35 percent respiratory impairment, that 25 percent of this impairment was due to plaintiff's lengthy exposure to cotton dust, and the remainder was due to cigarette smoking. The Deputy Commissioner thus concluded that as a result of this occupational disease plaintiff was partially disabled, plaintiff had lost 25 percent of his wage earning capacity, and defendant owed plaintiff for 25 percent permanent partial disability.

*Charles R. Hassell, Jr. for plaintiff appellant.*

*Hedrick, Eatman, Gardner, Feerick & Kincheloe, by John F. Morris and Edward L. Eatman, Jr., for defendant appellees.*

MARTIN, Judge.

The only questions before us on appeal are whether the Industrial Commission erred in apportioning plaintiff's 35 percent

disability after finding that cotton dust significantly contributed to plaintiff's disease and in failing to consider whether plaintiff's work experience, age, education, and health entitled him to full compensation.

[1] The Commission correctly made a finding that plaintiff's disability was caused by his exposure to cotton dust, and that plaintiff's exposure significantly contributed to or was a causal factor of his chronic obstructive lung disease; however, it incorrectly apportioned plaintiff's disability by finding that 25 percent of his 35 percent disability was due to cotton exposure. *See, Adkins v. Fieldcrest Mills, Inc.,* 71 N.C. App. 621, 322 S.E. 2d 642 (1984). This finding, that exposure to cotton dust significantly contributed to this disease, is all that is required because apportionment between causal factors is no longer the standard for disability compensation in these cases. *Rutledge v. Tultex Corp.,* 308 N.C. 85, 301 S.E. 2d 359 (1983). The North Carolina Supreme Court in *Rutledge,* decided subsequent to the Deputy Commissioner's opinion and award in this case, stated the legal standard to determine whether a claimant suffering from chronic obstructive lung disease has a compensable occupational disease under G.S. 97-53(13):

> [T]he occupation in question [must have] exposed the worker to a greater risk of contracting this disease than members of the public generally, and provided the worker's exposure to cotton dust *significantly contributed to, or was a significant causal factor in*, the disease's development. This is so even if other non-work-related factors also make significant contributions, or were significant causal factors. (Emphasis supplied.)

308 N.C. at 101, 301 S.E. 2d at 369, 370. We thus affirm the Commission's finding that plaintiff's cotton dust exposure was significant in the causation, acceleration and aggravation of his occupational disease, but reverse that portion of the Commission's opinion and award apportioning plaintiff's disability.

[2] The Commission's findings are insufficient with regard to whether plaintiff is partially or totally disabled. Loss of earning capacity is the criterion by which disability is measured. *Dail v. Kellex Corp.,* 233 N.C. 446, 64 S.E. 2d 438 (1951). The percentage of impairment and percentage of disability are thus not necessarily identical. *Parrish v. Burlington Industries, Inc.,* 71 N.C. App.

196, 199, 321 S.E. 2d 492, 495 (1984). In this case, the Commission adopted the Deputy Commissioner's opinion and award which contained only the following with regard to plaintiff's earning capacity:

> As a result of his chronic obstructive lung disease, plaintiff has a Class III, or 35 percent, respiratory impairment which is permanent. His respiratory impairment is thus moderate in degree and is sufficiently severe to prevent him from performing manual labor. However, he is capable of performing moderate activity, although he should not be exposed to noxious substances including cotton dust. Plaintiff therefore has a permanent, partial incapacity to work and earn wages in the same or any other employment as a result of his respiratory impairment.

Merely finding, as the Commission does here, that plaintiff has an overall impairment of a certain percentage does not resolve the dispositive issue of plaintiff's incapacity to earn wages, however, since the Commission must also ascertain the percentage of plaintiff's inability to work caused by his occupational disease and not merely the percentage of impairment. *Parrish v. Burlington Industries, Inc., supra.* We have also recently held that the Commission must additionally weigh and consider plaintiff's age, education, experience and health and how these factors have affected plaintiff's ability to earn wages in the same or any other employment. *Armstrong v. Cone Mills Corp.*, 71 N.C. App. ---, 323 S.E. 2d 48 (1984). A claimant, though physically capable, may be unsuited for employment due to characteristics peculiar to him. *Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978).

Since it is not evident from the record that the Commission considered these factors before determining disability, merely finding that plaintiff's impairment and activity capability were moderate, but precluded manual labor, we remand this case to the Commission for further findings with regard to plaintiff's earning capacity. Since the Commission has already found that plaintiff should no longer be exposed to cotton dust or other noxious substances, the Commission's inquiry should be directed to the plaintiff's ability to earn wages in any other employment, considering his age, education, experience, health and other charac-

teristics which may render him suited or unsuited for employment. Based on these findings, the Commission will then conclude whether plaintiff's disability is partial or total.

Reversed and remanded.

Judges ARNOLD and WELLS concur.