CLARA MAY LACKEY, PLAINTIFF EMPLOYEE v. R. L. STOWE MILLS, INC., EMPLOYER DEFENDANT AND SELF-INSURED (HEWITT, COLEMAN & ASSOCIATES), CARRIER; DEFENDANT(S)

No. 9110IC475

(Filed 7 July 1992)

**Master and Servant § 68 (NCI3d) — byssinosis — disability — retained earning capacity**

The Industrial Commission erred by finding that plaintiff was incapable of returning to her pre-disability employment, concluding that she suffered from an occupational disease, and limiting her award to scheduled benefits under N.C.G.S. § 97-29 for permanent injury to her lungs because plaintiff was required to prove a loss of wage earning capacity to be entitled to total incapacity benefits under N.C.G.S. § 97-31(24). Evidence that plaintiff could not have obtained her pre-disability

employment should she have sought such work, coupled with the facts that she was 65 years old when she left plaintiff's employ; that she had worked in cotton textile mills since age 18, at least 35 years; and that she has an eighth-grade education meets plaintiff's burden of proving that her wage earning capacity has been impaired by injury. Defendants presented no evidence that plaintiff retains wage earning capacity; therefore, the finding that she retained wage earning ability is unsupported by evidence.

**Am Jur 2d, Workmen's Compensation § 347.**

APPEAL by plaintiff from opinion and award filed 18 December 1990 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 March 1992.

*Lore & McClearen, by F. Scott Templeton, for plaintiff-appellant.*

*Maupin Taylor Ellis & Adams, P.A., by Steven M. Rudisill and Jack S. Holmes, for defendants-appellees.*

JOHNSON, Judge.

Plaintiff filed a worker's compensation claim on 9 November 1988. Testimony was heard before Industrial Commissioner Morgan S. Chapman on 19 October 1989. Subsequent to the hearing, medical testimony was submitted to the hearing officer by depositions and stipulated records. On 13 March 1990, the deputy commissioner filed an opinion and award granting plaintiff scheduled benefits under N.C. Gen. Stat. § 97-13, but denying plaintiff wage loss benefits under N.C. Gen. Stat. §§ 97-29 or 97-30. Plaintiff appealed that decision to the full Industrial Commission. On 18 December 1990, the Industrial Commission summarily affirmed the lower opinion and award. Plaintiff's counsel received the opinion and award on 19 February 1991, and filed notice of appeal on 20 February 1991.

On 3 April 1991, defendants moved to dismiss plaintiff's appeal for failure to timely file. Commissioner J. Randolph Ward denied defendants' motion to dismiss. Defendants now appeal the denial of their motion to dismiss. Although this Court recognizes that notice of appeal was given after the thirty-day time period prescribed by the Rules of Appellate Procedure, we view this appeal as a writ of certiorari pursuant to Rule 21(a)(1). N.C.R. App. P. 21(a)(1).

LACKEY v. R. L. STOWE MILLS

[106 N.C. App. 658 (1992)]

Clara Lackey, who was born in 1923, began working in cotton textile mills in 1942, and except for the years of 1956-67, she worked in cotton mills until 1988. During her employment in the mills, plaintiff was exposed to respirable cotton dust. When plaintiff's pulmonary function levels were first tested by defendants in 1980, plaintiff's test results were below acceptable levels. Plaintiff was required to sign an agreement that her permanent employment would be conditioned on the applicant satisfactorily passing specified medical tests which were designed to detect medical conditions that may be aggravated by exposure to certain environments of the work area. In spite of plaintiff's unacceptable pulmonary test results, she remained employed by defendant employer until 1988, when she quit because of breathing problems. Plaintiff testified that she "couldn't take the cotton [dust] any longer."

Plaintiff was diagnosed as having chronic obstructive pulmonary disease and byssinosis by Dr. David E. Shanks and Dr. Ted R. Kunstling in 1989. Seven years prior to those diagnoses, plaintiff had been seen by Dr. T. Reginald Harris at defendant employer's request. After his evaluation, Dr. Harris specifically stated that "[s]hould [the plaintiff] develop acute response to her work environment by a decrease in ventilation, or should she develop symptoms associated with her work environment . . . then she should wear a ventilator . . . or should be transferred to a lower [cotton] dust area." In the years following Dr. Harris' evaluation, plaintiff's pulmonary function tests by or for defendants consistently showed impaired respiratory function and reactivity to her work environment. Plaintiff continued to work as a winder until she was transferred to weekend janitorial duty in 1986.

The Industrial Commission found that plaintiff "is unable to work in a cotton textile mill because of the environment, and she is unable to perform strenuous activity as a result of her lung disease." The Commission found and concluded that plaintiff was entitled to $15,000 under the scheduled provisions of N.C. Gen. Stat. § 97-31(24) for permanent injury to her lungs.

The Commission also found that plaintiff "has not intended to work" since leaving work in 1988, and that she "retains earning capacity." The Commission further stated that "[h]er actual earning capacity cannot be determined because, having retired, she has made no effort to obtain employment." The Commission concluded that "[p]laintiff has the burden of proving the fact of her disability

LACKEY v. R. L. STOWE MILLS

[106 N.C. App. 658 (1992)]

and its degree. Having not met that burden, she is not entitled to compensation for permanent disability." The Commission cited N.C. Gen. Stat. §§ 97-29 thru 97-31 and *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982) to support its position.

Plaintiff's sole assignment of error is that the Commission erred in its findings and conclusions regarding plaintiff's capacity to earn wages, and in its resulting award. The Commission found that Ms. Lackey is incapable of returning to her pre-disability employment and concluded that she suffers from an occupational disease. The Commission also ruled, however, that for plaintiff to be entitled to total incapacity benefits under N.C. Gen. Stat. § 97-29, she was required to prove a loss of wage earning capacity. Therefore, the Commission limited plaintiff's award to scheduled benefits under N.C. Gen. Stat. § 97-31(24) for permanent injury to her lungs.

It is well established that the Industrial Commission's findings of fact are binding on appeal when supported by competent evidence. *See Cody v. Snider Lumber Co.*, 328 N.C. 67, 399 S.E.2d 104 (1991); *see also Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E.2d 173 (1951). It is also well established that findings of fact made by the Commission under a misapprehension of applicable law are not binding upon a reviewing court. *Mills v. Mills*, 68 N.C. App. 151, 158, 314 S.E.2d 833, 838 (1984); *McGill v. Lumberton*, 215 N.C. 752, 3 S.E.2d 324 (1939); N.C. Gen. Stat. § 97-86 (1985). In the instant case, plaintiff argues that there is no evidence to support a finding that she retains any earning capacity. We agree.

In *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 444, 342 S.E.2d 798, 809 (1986), our Supreme Court held:

In order to prove disability, the employee need not prove he unsuccessfully sought employment if the employee proves he is unable to obtain employment. An unsuccessful attempt to obtain employment is, certainly, evidence of disability. Where, however, an employee's effort to obtain employment would be futile because of age, inexperience, lack of education or other preexisting factors, the employee should not be precluded from compensation for failing to engage in the meaningless exercise of seeking a job which does not exist.

Defendant's employees' testimony reveals that had plaintiff been a prospective employee looking for work, she could not have obtained work at defendant's mills. Jerry Hooper, defendant's plant

manager, testified that as early as 1982, plaintiff was not passing the pulmonary functions tests. Clifton Logsdon, defendant's personnel manager, testified that a prospective employee who could not pass the pulmonary functions tests "would not be hired." Thus, plaintiff could not have obtained her pre-disability employment should she have sought such work. This evidence coupled with the facts that plaintiff was 65 years old when she left defendant's employ; that since age 18 she had worked in cotton textile mills for at least 35 years; and that plaintiff has an eighth-grade education, meets plaintiff's burden of proving that her wage earning capacity has been impaired by injury.

Our Supreme Court stated in *Peoples*, 316 N.C. at 441, 342 S.E.2d at 808, that "where occupational lung disease incapacitates an employee from all but sedentary employment, and because of the employee's age, limited education or work experience no sedentary employment for which the employee is qualified exists, the employee is entitled to compensation for total disability." *See Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E.2d 359 (1983); *see also Mabe v. Granite Corp.*, 15 N.C. App. 253, 189 S.E.2d 804 (1972) (evidence sufficient to support compensation award for total disability where lung disease rendered worker capable of performing only sedentary work for which worker's job training and skills did not qualify worker).

After plaintiff meets her initial burden, the burden then shifts to defendants who must show that plaintiff is employable. "[B]efore it can be determined that this plaintiff is employable and can earn wages it must be established, not merely that jobs are available or that the average job seeker can get one, but that [the plaintiff] *can obtain a job taking into account his specific limitations." Bridges v. Linn-Corriher Corp.*, 90 N.C. App. 397, 400-01, 368 S.E.2d 388, 391, *disc. review denied*, 323 N.C. 171, 373 S.E.2d 104 (1988). This Court, in *Kennedy v. Duke Univ. Med. Center*, 101 N.C. App. 24, 32-33, 398 S.E.2d 677, 682 (1990), stated that:

> *Bridges* did not change the long-standing rule that the claimant has the initial burden of proving that his/her wage earning capacity has been impaired by injury. Rather, *Bridges* stands for the proposition that once the claimant meets this initial burden, the defendant who claims that the plaintiff *is* capable of earning wages must come forward with evidence to show not only that suitable jobs are available, but also that plaintiff

**LACKEY v. R. L. STOWE MILLS**

[106 N.C. App. 658 (1992)]

is capable of getting one, taking into account both physical and vocational limitations.

In the case *sub judice*, defendants presented no evidence that plaintiff retains wage earning capacity; therefore, the Commission's finding that plaintiff retained wage earning ability is unsupported by evidence and is not binding on appeal.

The Commission's reliance on *Hilliard* is misplaced. The *Peoples* Court explained that *Hilliard* simply stands for the proposition that "[i]n order to prove disability, the employee need not prove he unsuccessfully sought employment if the employee proves he is unable to obtain employment." 316 N.C. at 443, 342 S.E.2d at 809.

Once disability is proven, "there is a presumption that it continues until 'the employee returns to work at wages equal to those he was receiving at the time the injury occurred.' " *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 476, 374 S.E.2d 483, 485 (1988), *quoting, Watkins v. Motor Lines*, 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971). Because plaintiff has met the initial burden of showing injury to her wage earning capacity, and defendants offered no evidence showing that plaintiff retains wage earning capacity, the proper remedy is an ongoing award of disability benefits for total incapacity under N.C. Gen. Stat. § 97-29. The Commission's finding that plaintiff retains earning capacity is unsupported by the evidence; therefore, the finding is not binding on appeal. Accordingly, the decision of the Industrial Commission is reversed and remanded to the full Commission for entry of award consistent with this opinion.

Reversed and remanded.

Judges COZORT and GREENE concur.