DENNIS FLETCHER, Employee/Plaintiff v. HARTFORD ACCIDENT & INDEMNITY
CO., Defendants

No. 9310IC1103

(Filed 18 July 1995)

**Workers' Compensation § 236 (NCI4th)— injured worker
employable within limitations—inability to find employ-
ment—not precluded from compensation**

An employee who suffers a work-related injury is not pre-
cluded from workers' compensation benefits when that
employee, while employable within limitations in certain kinds of
work, cannot after reasonable efforts obtain employment due to
unavailability of jobs. Disability is defined in the Workers'
Compensation Act as impairment of the injured employee's earn-
ing capacity rather than physical disablement and workers who
would not be unemployed but for a work related injury should be
compensated by workers' compensation.

**Am Jur 2d, Workers' Compensation § 396.**

Appeal by defendants from Opinion and Award filed 28
September 1993 by the North Carolina Industrial Commission. Heard
in the Court of Appeals 25 August 1994.

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, P.A., by
C. Scott Whisnant, for plaintiff-appellee*

*Blue, Fellerath, Cloninger & Barbour, P.A., by Frederick S.
Barbour, for defendant-appellants.*

*Smith, Helms, Mulliss & Moore, L.L.P., by Jeri L. Whitfield,
George D. Kimberly, Jr., Todd W. Cline, for the North Carolina
Textile Manufacturers Association filing brief amicus curiae.*

JOHN, Judge.

Defendants appeal an award to plaintiff by the North Carolina
Industrial Commission (the Commission) of temporary total disabil-
ity accrued during the period between 7 November 1989 and 1 April
1991. Defendants contend the Commission erred by basing its deter-
mination of disability upon plaintiff's inability to obtain employment
during the period in question. We find defendants' argument
unpersuasive.

Relevant background information includes the following: Plaintiff was injured 27 January 1989 in the course of his employment with defendant Dana Corporation (Dana). He was struck in the left arm by a steel chip buggy, part of a train of carts containing scrap metal moved by a tow motor. After undergoing surgery on his shoulder, plaintiff returned to work 24 July 1989. On 8 September 1989, plaintiff was assessed by Dr. Larry G. Anderson, his treating physician, as having 20% permanent partial disability of the left arm. Plaintiff received temporary total disability compensation until returning to work as well as compensation for the permanent disability rating.

On 17 October 1989, plaintiff reinjured his shoulder while attempting to move a basket containing approximately one dozen 60-pound axle tubes. He thereafter was restricted by Dr. Anderson from lifting more than 40 pounds and from lifting overhead. However, neither plaintiff's job nor any other position then available at Dana was consistent with the limitations imposed by Dr. Anderson. Plaintiff consequently was discharged 7 November 1989. Despite extensive efforts, he was unable to secure employment until 1 April 1991.

On 1 February 1991, plaintiff's claim for disability benefits was heard by Deputy Commissioner Charles Markham who ruled plaintiff was not entitled to temporary total disability benefits for the period subsequent to 7 November 1989.

Plaintiff appealed the decision to the full Commission. In an Opinion and Award filed 28 September 1993, the Commission reversed the Deputy Commissioner and ordered defendants to pay temporary total disability accrued during the period of 7 November 1989 through 1 April 1991. In pertinent part, the Commission specified the following findings and conclusions:

10. Dr. Anderson believed that as of October 25, 1989, when he gave plaintiff the written restriction as to the 40 pound weight limitation, plaintiff had essentially reached the maximum point of medical improvement. It was his opinion that as of October 25, 1989, Mr. Fletcher could work with the restrictions given him, that is, not lifting anything above 40 pounds. From a medical point of view, plaintiff would have been able to perform sales work or administrative work as of October 25, 1989.

11. Dana Corporation had no jobs available which met plaintiff's physical restrictions. Therefore, he was terminated on November 7, 1989. . . .

12. After his termination November 7, 1989 and until the time of the hearing [before the Deputy Commissioner], plaintiff made extensive but unsuccessful efforts to gain employment. Plaintiff did not limit himself in this search to industrial work but included supervisory positions and jobs in state government. He was involved with the Employment Security Commission. While he was initially somewhat selective in terms of the pay expected, he lowered his sights, and finally was willing to take anything he could find (except selling insurance). Plaintiff had and sought no medical treatment after November, 1989 except that he received pain medications from his family physician. He did not re-apply for a position with [Dana] as far as its personnel director was aware.

. . . .

17. Despite reasonable efforts, the plaintiff was not able to actually obtain employment from his discharge on November 7, 1989 until returning to work on April 1, 1991.

. . . .

### CONCLUSION OF LAW

As a result of the compensable injury, the plaintiff was unable to obtain employment, despite reasonable efforts, until April 1, 1991, and plaintiff is entitled to temporary total disability benefits from the time of his discharge from defendants' [sic] employment on November 7, 1989 until obtaining employment on April 1, 1991, and such other and further medical compensation as may effect a cure, give relief or shorten the period of the claimant's disability.

Defendants gave notice of appeal to this Court 8 October 1993.

We note at the outset that defendants' assignments of error set out in the record on appeal do not conform to our Rules of Appellate Procedure. Appellate Rule 10(c) provides that "[e]ach assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." As defendants merely cite to portions of the Commission's Opinion without setting forth a basis for error, their appeal is subject to dismissal. *See Marsico v. Adams*, 47 N.C. App. 196, 197, 266 S.E.2d 696, 698 (1980) (rules of appellate procedure are mandatory and failure to comport with the rules subjects an appeal to dismissal). However, pursuant to our discretionary

power in N.C.R. App. P. 2, we nonetheless elect to review the merits of defendants' appeal.

"It is well established that the Industrial Commission's findings of fact are binding on appeal when supported by competent evidence." *Lackey v. R. L. Stowe Mills*, 106 N.C. App. 658, 661, 418 S.E.2d 517, 519, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 150 (1992) (citations omitted). Moreover, an Opinion and Award of the Commission will not be disturbed on appeal unless it contains a patent error of law. *Carter v. Frank Shelton, Inc.*, 62 N.C. App. 378, 381, 303 S.E.2d 184, 187 (1983), *disc. review denied*, 310 N.C. 476, 312 S.E.2d 883 (1984). Defendants and *amicus* counsel argue the Commission committed error of law by awarding temporary total disability benefits to plaintiff under circumstances wherein he possessed the capacity to earn wages and thus was not totally disabled. Defendants assert the Commission thereby "stretched [the Workers' Compensation Act] to provide unemployment insurance for workers ready, willing and able to work, who have qualifications to obtain employment, but who are unemployed because of economic conditions." We disagree.

A claimant seeking to recover under the Workers' Compensation Act (the Act) bears the burden of proving both the existence and extent of disability. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982) (citation omitted). Under the Act, an employee injured in the course of his employment is "disabled" if the injury results in an "incapacity . . . to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (1991). Disability as defined in the Act is thus the impairment of the injured employee's earning capacity rather than physical disablement. *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 434, 342 S.E.2d 798, 804 (1986).

A claimant may meet the burden of proving inability to earn the same wages earned before injury by showing "he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment." *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (citation omitted).

Defendants assert the Commission misinterpreted *Russell* and "erroneously focused on whether plaintiff was able to actually obtain employment" instead of whether plaintiff was capable of earning the same wages. *Amicus* counsel maintains an injured employee in the circumstance of plaintiff must demonstrate "he is unable to work and

not merely that he <u>unsuccessfully sought</u> work." In addition, counsel reiterates defendants' contention that the holding of the full Commission in reliance upon *Russell* "in effect convert[ed] temporary total disability [in]to unemployment compensation."

However, the Court in *Russell* did not address the causes of plaintiff's inability to obtain employment, but rather focused upon evidence of plaintiff's reasonable efforts to obtain employment as being one means of meeting his burden of showing incapacity to earn the same wages earned prior to injury. *Id.* at 764-65, 425 S.E.2d at 456-57.

"[T]he so-called 'work search' test is merely the evidentiary vehicle by which employability, or lack of it, is proven," *Flesche v. Interstate Warehouse*, 411 So.2d 919, 922 (Fla. 1st DCA 1982), and "there are a number of criteria by which wage-earning capacity must be measured, and 'no single factor is conclusive.' "

*Anderson v. S & S Diversified, Inc.*, 477 So.2d 591, 594 (Fla. 1st DCA 1985), *disc. review denied*, 486 So.2d 597 (Fla. 1986) (quoting *Walker v. Electronic Products & Engineering Co.*, 248 So.2d 161, 163 (Fla. 1971)); *see also Church's Fried Chicken v. Maloney*, 599 So.2d 706, 710 (Fla. 1st DCA 1992) and *Vann v. St. Anthony's Hosp.*, 550 So.2d 533, 534 (Fla. 1st DCA 1989) (work search an "evidentiary tool" to demonstrate causal connection between injury and wage loss).

As opposed to *Russell*, the issue in the case *sub judice* is whether plaintiff, having met the *Russell* test with credible (as determined by the Commission) evidence of diligent efforts to find employment, is entitled to receive compensation benefits where his inability to earn the same wages was caused in part by unavailability of area jobs consistent with his physical limitations. Not only this Court, but a leading workers' compensation scholar and courts from other jurisdictions suggest an affirmative response.

*In Bridges v. Linn-Corriher Corp.*, 90 N.C. App. 397, 368 S.E.2d 388, *disc. review denied*, 323 N.C. 171, 373 S.E.2d 104 (1988), this Court observed:

[t]he Workers' Compensation Act was enacted to ameliorate the consequences of injuries and illnesses in the workplace and one of those consequences, at least on occasion, is that a recuperated worker capable of holding a job cannot get one. A capable job seeker whom no employer needing workers will hire is not employable.

*Id.* at 399-400; 368 S.E.2d at 390.

Additionally, in the opinion of Professor Larson:

> Inability to get work, traceable directly and substantially to a compensable injury, may be as effective in establishing disability as inability to perform work . . . . [T]he two essentials [of disability are]: wage loss, and causation of the wage loss by work-connected injury. The fact that the wage loss comes about through . . . unavailability of employment rather than through incapacity to perform the work does not change the result [of disability].

1C Arthur Larson, *Larson's Workmen's Compensation Law* § 57.61(a), 10—389-397.

Moreover, other jurisdictions support the proposition that compensation is allowable where unavailability of jobs prevents a claimant from earning the same wages received prior to injury. In *Regency Inn v. Johnson*, 422 So.2d 870 (Fla. 1st DCA 1982), *disc. review denied*, 431 So. 2d 989 (Fla. 1983), for example, the claimant was injured during the course of her occupation as a housekeeper and consequently was required to seek lighter work. *Id.* at 872-73. Although she actively pursued other employment in the area, including seeking assistance from the Florida State Employment Office, her efforts were unsuccessful and she was subsequently awarded wage loss benefits for the period of her unemployment. *Id.* at 873.

As in our jurisdiction, the Florida statute then in effect placed the burden on the employee "to establish that any wage loss claimed is the result of the compensable injury." Fla. Stat. § 440.15(3)(b)(2) (1979). The Florida Court of Appeals, in the *en banc* portion of the *Regency* opinion, pointed out that

> [w]hether the nonavailability of jobs due to economic conditions is a factor to be considered or ignored in determining the after-injury wages an employee is 'able to earn,' is not immediately apparent from a literal reading of the statute itself.

*Id.* at 875 (citation omitted). Relying on prior case law, the court went on to state that

> [i]n the broadest sense, 'able to earn' takes into account many factors, including the availability of jobs, and such a broad interpretation is consistent . . . with the principle which requires a liberal construction in favor of the injured employee.

FLETCHER v. DANA CORPORATION

[119 N.C. App. 491 (1995)]

*Id.* The full court upheld the original panel's conclusion that since the claimant would not have suffered wage loss if the injury had not occurred, the statutory requirement of causation was satisfied. *Id.* at 872.

In other words, "but for" the work-related injury she sustained, the Florida claimant, like plaintiff herein, would not have become unemployed and suffered wage loss in consequence of the unavailability of other employment. Her wage loss was thus caused by and resulted from the injury she sustained within the scope and course of her employment.

The employer in *Regency Inn* had insisted that a work search which is unsuccessful due to unavailability of employment precludes compensation because such evidence does not prove a wage loss due to a compensable disability. *Id.* The panel disagreed:

> For wage loss the statute provides simply for general causal relation by covering such loss which 'is the result of the . . . injury.' If the intent had been to require wage loss from physical incapacity for work (independent of job availability) as an absolute condition to compensation for wage loss, the alternative language would surely have been used.

*Id.* at 873. We note again that disability under our Act relates to impairment of the injured employee's earning capacity rather than physical infirmity. *Peoples*, 316 N.C. at 434-35, 342 S.E.2d at 804 (citations omitted).

In a similar vein, the full Florida court emphasized that

> [h]ad the legislature intended 'able to earn' to be further qualified so as to preclude consideration of non-availability of jobs because of economic conditions, it would have been a simple matter for this to have been written into the law.
>
> . . . .
>
> In fact, the unavailability of jobs has been viewed as evidence supporting recovery for a loss of wage earning capacity, rather than as defeating it.

*Regency*, 422 So.2d at 875-76 (citing *United States Sugar Corporation v. Hayes*, 407 So.2d 1079 (Fla. 1st DCA 1982)).

The rationale of the *en banc* opinion in *Regency Inn* also addresses the assertion of defendants and *amicus* counsel herein

that the Commission in effect converted workers' compensation benefits into unemployment benefits.

First, the court observed that the Florida workers' compensation act contained no indication its legislature "devised and enacted a system of reparations for injured workers that would fulfill its purposes in time of relative economic prosperity, but would automatically withhold or suspend such reparations in time of economic depression." *Id.* at 878. We likewise find no such legislative indication in our workers' compensation law. Whatever the health of the economy at any given time, workers' compensation statutes are to be liberally construed to give full effect to their humane purpose and remedial character. *See Hartley v. Prison Department,* 258 N.C. 287, 290-91, 128 S.E.2d 598, 600-01 (1962) (citations omitted).

Next, the court continued, employees receiving unemployment compensation "do not suffer compensable industrial accidents; only employed workers do." *Regency,* 422 So.2d at 878.

The employed worker is an integral part of the productive machinery of society and he is entitled to be treated as still belonging to that segment of the economy after a compensable accident, rather than categorized as a member of the unfortunate group whose unemployed status is due solely to economic conditions.

*Id.* Thus, workers who would not be unemployed but for a work-related injury should be compensated by workers' compensation, a system "intended to relieve society of the burden of caring for injured workers and to place the responsibility on the industry served." *Id.* (citation omitted).

The court concluded by pointing out that unemployment compensation is of "more limited amount and duration than workers' compensation benefits, and these benefits are not provided as an alternative to any other form of legal redress, as is true of workers' compensation." *Id.* (citation omitted). We note this Court as well has indicated that receipt of unemployment benefits standing alone may not bar receipt of workers' compensation benefits. *Dolbow v. Holland Industrial,* 64 N.C. App. 695, 699, 308 S.E.2d 335, 337 (1983), *disc. review denied,* 310 N.C. 308, 312 S.E.2d 651 (1984); *see also Mitchell v. Fieldcrest Mills, Inc.,* 84 N.C. App. 661, 662, 353 S.E.2d 638, 639 (1987) (provision of N.C. Gen. Stat. § 97-31 that scheduled benefits be "in lieu of all other compensation" applies to double recovery under

the Act, but does not provide an exclusive remedy). "The problems of prorating benefits or of determining which benefit controls to the exclusion of the other, are questions best left to the General Assembly." *Dolbow*, 64 N.C. App. at 699, 308 S.E.2d at 337.

In Michigan, moreover, the Supreme Court, in *Sobotka v. Chrysler Corporation*, 447 Mich. 1, 523 N.W.2d 454 (1994), considered the implications of the circumstance that, as in North Carolina, "[w]orker's compensation benefits in Michigan are payable on the basis of wage loss and not on the basis of physical impairment." *Id.* at 15, 523 N.W.2d at 459 (citation omitted). The court determined as follows:

> Where, on account of an injury, an employee is, in fact, unemployed, the employee is entitled to [workers' compensation benefits] because the employee is not "able to earn" wages postinjury.

*Id.* at 7-8, 523 N.W.2d at 455.

> [A] disabled worker does not bear the burden of unfavorable economic conditions that further diminish his ability to find suitable work.

*Id.* at 25, 523 N.W.2d at 463.

> This means that the partially disabled employee's only burden is to show he is unable to earn wages because of his injury, not that he must show that the economy or other factors are not the cause of unemployment.

*Id.* at 8 n.5, 523 N.W.2d at 455 n.5.

The court went on to hold that while

> it is the employee's burden to show a link between wage loss and the work-related injury. . . , once the employee shows a work-related injury and subsequent wage loss, the factfinder may infer that the employee cannot find a job because of the injury.

*Id.* at 25, 523 N.W.2d at 463.

Finally, the courts in Maine have adopted a similar approach:

> To be entitled to compensation for total incapacity when only partially disabled in the medical sense, the employee must show "that he has engaged in a good faith effort to obtain work within the tolerance of his physical condition, and . . . that he failed in his effort, either because employers in his community would not

hire people with such a limited capacity to do the type of work within his tolerance, or because there was no reasonably stable market in his community for that restricted work of which he was capable.

*Theriault v. Walsh Const. Co.*, 389 A.2d 317, 320 (Me. 1978) (quoting *Bowen v. Maplewood Packing Co.*, 366 A.2d 1116, 1119 (Me. 1976)).

The rationale of the foregoing authorities is sound and consistent with our statements in *Russell* and *Bridges*. We therefore hold that an employee who suffers a work-related injury is not precluded from workers' compensation benefits when that employee, while employable within limitations in certain kinds of work, cannot after reasonable efforts obtain employment due to unavailability of jobs.

Based on the foregoing, the Commission's award to plaintiff of temporary total disability is affirmed.

Affirmed.

Judges GREENE and MARTIN, JOHN C. concur.