MYRTLE S. WEBB, EMPLOYEE, PLAINTIFF v. PAULINE KNITTING INDUSTRIES (FORMERLY KNOWN AS MACANAL SPINNING MILLS), EMPLOYER, THE TRAVELERS INSURANCE COMPANY, CARRIER, AND/OR AETNA CASUALTY & SURETY INSURANCE COMPANY, CARRIER, AND/OR FEDERAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8510IC579

(Filed 3 December 1985)

**Master and Servant § 69— chronic obstructive lung disease—ability to earn wages in any employment—findings insufficient**

      A chronic obstructive lung disease case was remanded for further consideration of whether plaintiff was entitled to compensation for permanent and total disability under N.C.G.S. 97-29 (Cum. Supp. 1983) where the Industrial Commission found that plaintiff has chronic obstructive pulmonary disease caused in part by her exposure to respirable cotton dust in her employment; plaintiff has a respiratory impairment of a moderate nature; plaintiff, as a result of her chronic obstructive lung disease, has sustained permanent damage to each of her lungs; this impairment is not sufficient to render plaintiff incapable of performing types of employment which do not require very strenuous activity or exposure to cotton dust; and plaintiff had not proven that her exposure to respirable cotton dust had resulted in any incapacity to earn wages in her employment with defendant or any other employment. The Commission's findings do not address the evidence that plaintiff's education, age and experience suggest that she is probably not capable of earning wages in any employment which does not require substantial physical exertion; the Commission's findings fly directly in the face of the medical evidence which consistently showed plaintiff incapable of performing physically exertive labors; and findings that plaintiff was not prevented from working because of lung disease at the time she left work because of an accident in 1979 and that plaintiff had sought employment since her accident have little, if any, bearing on the question of plaintiff's present ability to earn wages in employment for which she is qualified. N.C.G.S. 97-52, N.C.G.S. 97-31(24).

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and award entered 10 December 1984. Heard in the Court of Appeals 21 November 1985.

Plaintiff, a 63-year-old textile worker with a seventh grade education, began working in the textile industry in 1940, at age 19, and continued in that employment for 39 years until she was injured in an on-the-job accident in 1979. Following her work interruption due to her accident, plaintiff was diagnosed as having work-related chronic obstructive lung disease with probable byssinosis.

One physician, Dr. Robert A. Rostand, a member of the North Carolina Textile Occupational Disease Panel, testified as to plaintiff's history of exposure to cotton dust in her employment and her long history of cigarette smoking. Dr. Rostand found plaintiff to be suffering from severe respiratory impairment, contributed to by plaintiff's long term exposure to cotton dust and cigarette smoking. Dr. Rostand found plaintiff's impairment to be permanent but was unable to distinguish to what degree her impairment was caused by either her occupational cotton dust exposure or cigarette smoking alone. Dr. Rostand found plaintiff to have very little exercise tolerance, able to carry out only the slightest physical activity. Her last exposure to cotton dust was during her employment with defendant Pauline Knitting Industries.

Dr. Charles D. Williams, another member of the Textile Occupational Disease Panel, testified that plaintiff had chronic obstructive pulmonary disease of moderate severity contributed to by plaintiff's occupational exposure to cotton dust. While Dr. Williams found that plaintiff might benefit from appropriate treatment, he also testified that plaintiff could not engage in strenuous exertion over an eight-hour work shift in the cotton textile industry.

Both Dr. Rostand and Dr. Williams found that plaintiff also suffered from heart disease which contributed to her disability.

Plaintiff testified as to her age, education and work experience. She had no training and experience except textiles, except for two years of employment at a meat packing plant. Following her recovery from her 1979 work injury, plaintiff sought to be re-employed by defendant Pauline Knitting, another knitting mill, and White Packing Company, but was not successful.

The Deputy Commissioner who heard plaintiff's claim denied her compensation. On appeal a majority of the Full Commission modified the Deputy Commissioner's award by finding and concluding that plaintiff was entitled to an award of $6,000.00 for permanent injury to her lungs. The Commission also concluded that under N.C. Gen. Stat. § 97-25 (1979) plaintiff was entitled to payment of all medical bills incurred for treatment which may lessen the lung impairment caused by her occupational disease.

*Lore & McClearen, by R. James Lore, for plaintiff.*

*Boyle, Alexander, Hord and Smith, by B. Irvin Boyle, for defendants appellees Pauline Knitting Industries and The Travelers Insurance Company.*

*Underwood, Kinsey & Warren, P.A., by John H. Northey III, for defendant appellee The Aetna Casualty and Surety Insurance Company.*

*Hedrick, Eatman, Gardner & Kincheloe, by Edward L. Eatman, Jr., for defendant appellee Federal Insurance Company.*

WELLS, Judge.

Plaintiff contends that the Commission's award was entered under misapprehension of law and that this case should be remanded for further consideration as to whether plaintiff is entitled to compensation for permanent and total disability under N.C. Gen. Stat. § 97-29 (Cum. Supp. 1983). We agree and reverse and remand.

In summary, the Commission found that plaintiff has chronic obstructive pulmonary disease caused in part by her exposure to respirable cotton dust during her employment; that plaintiff has a respiratory impairment of a moderate nature; that as a result of her chronic obstructive lung disease, plaintiff has sustained permanent damage to each of her lungs; that this impairment *is not sufficient to render plaintiff incapable of performing types of employment which do not require very strenuous activity or exposure to cotton dust* (emphasis supplied); and that plaintiff had not proven that her exposure to respirable cotton dust had resulted in any incapacity to earn wages in her employment with defendant Pauline Knitting Industries or any other employment. The Commission's findings do not address the evidence that plaintiff's education, age and experience suggest that she is probably not capable of earning wages in any employment which does not require substantial physical exertion. These findings also fly directly in the face of the medical evidence which consistently showed plaintiff to be incapable of performing physically exertive labor.

Under *Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978) and its progeny, this case must be remanded for appropriate findings and conclusions of plaintiff's capacity to earn

wages in employment for which she may be qualified in the light of her age, education and experience.

Upon necessary and appropriate findings and conclusions, plaintiff may be awarded either disability compensation under G.S. 97-29 and 97-52 or compensation for permanent injury to her lungs under G.S. 97-31(24). *See Harrell v. Harriett & Henderson Yarns*, slip op. no. 198PA83 (N.C., filed 5 November 1985).

Before leaving the issue of plaintiff's disability, we deem it appropriate to note that in considering that issue, the Commission was apparently influenced by its findings that at the time of her leaving work because of an accident in 1979, plaintiff was not prevented from working because of lung disease and that plaintiff had sought employment since her accident. We conclude that these findings have little, if any, bearing on the question of plaintiff's *present* ability to earn wages in employment for which she is qualified.

Plaintiff also contends that the Commission erred in the award of her medical expenses. We perceive that this question will be appropriately resolved on remand.

Plaintiff's other arguments are without merit and are overruled.

Defendants Aetna Casualty and Insurance Company and Federal Insurance Company have moved to dismiss on the grounds that they were not the carriers during plaintiff's last injurious exposure. We agree and the appeal is dismissed as to these defendants.

Reversed and remanded.

Judges ARNOLD and PARKER concur.