ADOLPHUS HEFFNER, PLAINTIFF-EMPLOYEE v. CONE MILLS CORPORATION, DEFENDANT-EMPLOYER, AND LUMBERMENS MUTUAL INS. CO., DEFENDANT-CARRIER

No. 8610IC375

(Filed 21 October 1986)

1. **Master and Servant § 69— workers' compensation—payments of plaintiff's future medical bills—award ambiguous**

    An award by the Industrial Commission that defendant employer should "pay all medical expenses incurred by plaintiff as a result of his occupational disease when bills for same have been submitted to the Commission through the insurance carrier" was ambiguous as to whether plaintiff's future medical expenses were included, and the Commission was required to find whether further treatment would provide plaintiff with "needed relief" where plaintiff offered evidence on the subject. N.C.G.S. § 97-59.

2. **Master and Servant §§ 68, 69.1— workers' compensation—disability not affected by retirement**

    The closing of the plant where plaintiff worked and plaintiff's "retirement" could not serve as the basis for denying plaintiff disability compensation, since disability measures an employee's present ability to earn wages, and the Commission may not deny disability benefits because the claimant retired where there is evidence of diminished earning capacity caused by an occupational disease; furthermore, the Commission's findings that plaintiff worked the last twelve years without missing any time from work, that plaintiff would have continued to work had the plant not closed, and that plaintiff felt that he was able to continue working at the time he quit his job were insufficient to support its conclusion that plaintiff was not disabled, and the Commission's findings were inadequate on the issue of plaintiff's capacity to earn wages in other employment.

APPEAL by plaintiff-employee from the Opinion and Award of the North Carolina Industrial Commission entered 23 January 1986. Heard in the Court of Appeals 17 September 1986.

This is an occupational lung disease case. Plaintiff was a lifelong employee of the defendant Cone Mills. He began working in the "slasher room" of defendant's Eno plant in 1938. After working for about a year, plaintiff left to join the Marine Corps. Upon his discharge in 1945, he returned to the plant and worked as a fireman and a watchman until 1954. Beginning in 1954, he worked in the weave room changing air filters and otherwise working on the air conditioning. From 1962 until 1972, plaintiff's job consisted of overhauling and changing motors in the weave room. In 1972, plaintiff moved out of the weave room and spent his last twelve

years at the plant repairing and overhauling motors in the shop area. In early 1984, plaintiff, then 65 years old, learned that the Eno plant would be closing. Knowing that he shortly would lose his job, plaintiff applied for Social Security retirement benefits and quit his job.

Although the degree of exposure varied with each particular job, plaintiff was exposed to cotton and other kinds of dust throughout his tenure with defendant. As early as 1954 plaintiff began experiencing breathing problems. These problems became progressively worse and on 16 May 1984 plaintiff filed this claim seeking workers' compensation for an occupational lung disease.

After a hearing, the deputy commissioner found that plaintiff was suffering from an occupational disease and awarded him partial disability benefits under G.S. 97-30 and present and future medical expenses under G.S. 97-59. On review, the Full Commission vacated the deputy commissioner's opinion and award and made its own findings of fact and conclusions of law. Although it also found that plaintiff suffered from an occupational disease, it found that he was not disabled. Consequently, the Commission awarded plaintiff medical expenses and $10,000 for a permanent injury to his lungs pursuant to G.S. 97-31(24).

From the opinion and award of the Commission, claimant appeals.

*Michaels Law Offices, by John Alan Jones, for the plaintiff-appellant.*

*Smith, Helms, Mulliss & Moore by J. Donald Cowan, Jr. for the defendant-appellee.*

EAGLES, Judge.

The plaintiff-appellant makes two basic arguments: (1) that the Commission erred in failing to make specific findings regarding his entitlement to future medical expenses; and (2) that the Commission's findings on the issue of plaintiff's incapacity for work are insufficient.

I

[1] In addressing plaintiff's right to have the defendant pay his medical expenses, the Commission included in its award the following:

2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his occupational disease when bills for same have been submitted to the Commission through the insurance carrier.

The quoted language would allow one reasonably to conclude that plaintiff's future medical expenses were included. However, we agree with the plaintiff that this portion of the award is somewhat ambiguous, that necessary findings of fact on the issue are absent, and that the case should be remanded for clarification.

While the Commission is not required to make findings on each detail of the evidence or each inference which can be drawn from the evidence, its findings of fact must be sufficient to resolve all of the issues the evidence raises. *Pardue v. Tire Co.*, 260 N.C. 413, 132 S.E. 2d 747 (1963); *Anderson v. Century Data Systems*, 71 N.C. App. 540, 322 S.E. 2d 638, *disc. rev. denied*, 313 N.C. 327, 327 S.E. 2d 887 (1984). G.S. 97-59 requires the Commission to award expenses for future medical treatment to an employee who suffers from an occupational disease for so long as that treatment will either "lessen the period of disability" or "provide needed relief." *Smith v. American & Effird Mills*, 305 N.C. 507, 290 S.E. 2d 634 (1982); G.S. 97-59. The Commission's finding that the plaintiff suffered no incapacity for work, if correct, would obviously preclude them from making any finding on the first grounds. Yet, the Commission, though the plaintiff produced evidence on the issue, failed to find either that further treatment would or would not provide him with "needed relief." For the reasons stated we remand the case for clarification of this finding. *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978).

We note that the only evidence on the issue of whether future medical treatment would provide needed relief came from Dr. Clinton D. Young. Dr. Young testified that continuing medical treatment would be of "substantial benefit" to the plaintiff. He testified that the most important treatment plaintiff should receive is "bronchodilator" medication which allows the plaintiff to breathe easier. Indeed, Dr. Young had testified earlier that, before bronchodilator treatment, plaintiff had a 50% to 75% impairment of his breathing, but that after the treatment, his impairment dropped into the 25% to 35% range. Undoubtedly, this evidence clearly establishes that continuing medical treatment is

reasonably necessary to provide plaintiff with needed relief. Our review of the record discloses no evidence to support a contrary finding.

Defendant argues that Dr. Young's testimony that continuing treatment would be of "substantial benefit" to the plaintiff does not meet the statute's requirement that it provide "needed relief." We disagree. There is nothing talismanic about the phrase "needed relief"; where his testimony is otherwise clear, as here, a medical expert is not required to use those particular words to justify an award for future medical expenses. Dr. Young's choice of words, if anything, clearly exceeds the requirements of G.S. 97-59.

II

[2]   The plaintiff next argues that the Commission erred in limiting his compensation to an award for damage to an internal organ under G.S. 97-31(24). Specifically, plaintiff contends that the award was made under a misapprehension of the law and that the Commission's findings are insufficient to determine his entitlement to disability compensation. We agree and remand the case for further consideration and findings as to whether plaintiff may recover compensation under G.S. 97-29 for total disability or under G.S. 97-30 for partial disability.

Whether an employee is disabled within the meaning of G.S. 97-2(9) is a question of law which must be based on findings of fact supported by competent evidence. *Peoples v. Cone MillsCorp.*, 316 N.C. 426, 342 S.E. 2d 798 (1986). The test of disability is whether, and to what extent, an employee's earning capacity is impaired. *Robinson v. J. P. Stevens*, 57 N.C. App. 619, 292 S.E. 2d 144 (1982). Here, the Commission concluded that the plaintiff's occupational disease did not result in a loss of capacity to earn wages and found, as fact, that "[p]laintiff has sustained no incapacity for work resulting from his occupational disease." We believe that the latter statement is merely a restatement of the former and that, as conclusions of law, they are based on insufficient findings of fact.

In order for the Commission to award disability compensation, the plaintiff must prove: (1) that he was incapable of earning the same wages he had earned before his injury in the same em-

ployment, (2) that he was incapable of earning the same wages he had earned before his injury in any other employment, and (3) that his incapacity was caused by his injury or occupational disease. *Hillard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982). Here, however, the Commission's findings are insufficient to show that plaintiff has failed to meet his burden under *Hillard*.

In denying plaintiff's claim for disability compensation, the Commission apparently placed great reliance on its conclusion, which would more appropriately be labeled a finding of fact, that the plaintiff's lack of earnings was due to his desire to retire and the closing of the plant where he was working. In doing so, we believe the Commission acted under a misapprehension of the law. Because disability measures an employee's present *ability* to earn wages, *Webb v. Pauline Knitting Industries*, 78 N.C. App. 184, 336 S.E. 2d 645 (1985), and is unrelated to a decision to withdraw from the labor force by retirement, the Commission may not deny disability benefits because the claimant retired where there is evidence of diminished earning capacity caused by an occupational disease. So long as the disease has, in some way, diminished the employee's *ability* to earn wages, he may recover disability compensation. *See Preslar v. Cannon Mills Co.*, 80 N.C. App. 610, 343 S.E. 2d 209 (1986) and *Donnell v. Cone Mills Corp.*, 60 N.C. App. 338, 299 S.E. 2d 436 (1983). Therefore, the plant's closing and plaintiff's "retirement" may not serve as a basis for denying plaintiff disability compensation.

Similarly, the Commission's other findings are insufficient to support its conclusion that the plaintiff was not disabled. The only findings which relate to the issue were that plaintiff worked the last twelve years without missing any time from work, that plaintiff would have continued to work had the plant not closed, and that the plaintiff felt that he was able to continue working at the time he quit his job. Those findings, however, are not enough to support the Commission's conclusion. Instead, their cumulative effect is to show, albeit indirectly, that plaintiff could have continued to work in the machine shop at the plant. Even if the Commission had made that finding, it would not fully dispose of the disability issue.

Whether an employee is disabled is a broad question which cannot be competently answered by merely stating that the plain-

tiff was physically capable of continuing in the same kind of work. *See Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857 (1965) (disability refers not to physical infirmity but to a diminished capacity to earn wages). Even if plaintiff could have continued to work in his job with the defendant, the plant's closing precluded his doing so. Consequently, his disability must be considered in light of that fact.

In addition, the Commission's findings are inadequate on the issue of plaintiff's capacity to earn wages in other employment. It is axiomatic that the Commission must decide the disability issue based on the particular characteristics of the individual employee. *Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978); *Gibson v. Little Cotton Mfg. Co.*, 73 N.C. App. 143, 325 S.E. 2d 698 (1985). This necessitates a consideration of the employee's age, work experience, training, education, and any other factors which might affect his ability to earn wages. *Little v. Food Service, supra; Peoples v. Cone Mills, supra.* Here, the plaintiff was 65 years old at the time he left his job, had a tenth grade education, and had no other work experience outside of the mill. Further, the evidence indicates that he was subject to certain physical and environmental limitations. The Commission's findings do not indicate that the Commission considered whether, and to what extent, those factors affected his ability to earn wages.

Finally, the defendant has argued that the plaintiff has failed to prove his incapacity for other employment because the evidence shows that he has failed to look for other employment. The Commission, however, did not make a finding to that effect. Furthermore, in *Peoples v. Cone Mills, supra*, decided after the Commission's decision here, the Court held that the employee can meet his burden by showing that because of his age, education, training, physical and environmental limitations, it would be futile for him to look for other employment. Therefore, the fact that plaintiff failed to look for other employment, if true, would merely create another factual issue for the Commission to decide.

The Commission here failed to make specific findings on the crucial questions which necessarily underlie any conclusion as to whether the claimant has suffered any disability. Accordingly, we remand this case for additional findings necessary to support a conclusion on the disability issue and to clarify claimant's entitlement to compensation for future medical expenses.

Reversed and remanded.

Judges WEBB and BECTON concur.