The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Alston and the arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The parties entered into a Form 21 Agreement for Compensation for Disability on November 6, 1992. The Form 21 was approved by the Commission on December 1, 1992.
2. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
3. An employer-employee relationship existed between plaintiff and defendant-employer.
4. The St. Paul Fire and Marine Insurance Company was the compensation carrier for defendant-employer at the relevant time.
5. Plaintiff sustained an injury by accident arising out of and in the course of said employment on October 20, 1992.
6. The parties stipulated a number of documents into the record at the call of the case for hearing. The stipulated documents are as follows:
 a. The Form 28B (Insurance Carriers Report of Compensation and Medical Paid) dated January 4, 1993 shall be known as Stipulated Exhibit Number 1.
 b. Plaintiff's personnel records from the defendant-employer shall be known as Stipulated Exhibit Number 2.
 c. Plaintiff's medical records shall be collectively known as Stipulated Exhibit Number 3.
7. The issues to be determined are:
 a. Whether plaintiff is entitled to temporary total disabilities benefits for the entire period beginning October 20, 1995.
b. Whether plaintiff is entitled to any additional medical treatment.
8. Plaintiff was first employed by defendant-employer on or about October 7, 1992 as a laborer in the construction field.
9. Plaintiff's work history primarily consist of manual labor jobs with low skill levels.
10. Plaintiff was paid $258.79 per week which yields a compensation rate of $172.54.
11. On October 20, 1992, while plaintiff was standing on a scaffold and leaning over pulling up a piece or part of another scaffold, he felt a "pop sensation" in his lower back.
12. Plaintiff sought immediate medical attention and was diagnosed as having a back strain by Dr. William Harrison of Prime Care. Dr. Harrison prescribed Ibuprofen and Flexeril (cyclobenzaprine) for plaintiff and released him to return to work.
13. Plaintiff was subsequently seen by Dr. Harlan B. Daubert on November 18, 1993. Dr. Daubert diagnosed plaintiff as having degenerative disc disease and informed the plaintiff to return on an as needed basis. Dr. Daubert also recommended that no further diagnostic studies be done on plaintiff. Plaintiff saw Dr. Daubert pursuant to plaintiff's request for a second opinion.
14. Plaintiff presently complains of pain in his shoulders and pain in his back which plaintiff described as causing "the joint areas to move." Plaintiff also testified that the pain is generally preceded by a mild "pop sensation" precipitates tissue swelling.
15. Dr. Daubert specifically did not find a correlation between the symptoms plaintiff described and the accident/specific traumatic incident which befell plaintiff.
16. Plaintiff was terminated from his employment with defendant-employer because of plaintiff's alleged violation of defendant-employer's drug policy.
17. Plaintiff has not been substantially employed since October 20, 1992.
18. The only other medical treatment or consultation that plaintiff has obtained included a December 24, 1993 visit to the Forsyth Memorial Hospital Emergency Room and a chance meeting with a chiropractor at a flea market.
19. Plaintiff was compensated for one and two sevenths (1 and 2/7) weeks as a result of his injury.
* * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained compensable injury by accident arising out of and in the course and scope of his employment with defendant-employer on October 20, 1992. N.C. Gen. Stat. § 97-2.
2. There must be competent evidence to support the inference that the accident in question resulted in the injury, i.e., some evidence that the accident at best might have or could have produced the particular disability in question. Click v.Pilot Freight Carrier, Inc., 300 N.C. 164, 265 S.E.2d 389 (1980).
3. In order for the Commission to award disability compensation, plaintiff must prove and the Commission must find:
 (1) That he was incapable of earning the same wages he had earned before his injury in the same employment,
 (2) that he was incapable of earning the same wages he had earned before his injury in any other employment, and
 (3) that his incapacity was caused by his injury or occupational disease. Heffner v. Cone Mills Corp., 83 N.C. App. 84, 349 S.E.2d 70 (1986).
4. Plaintiff failed to carry his burden of proof for additional benefits under the Workers' Compensation Act. A. C.Lawrence Leather Co., 231 N.C. 477, 57 S.E.2d 760 (1950).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for additional benefits, under the law, must be, and it is, hereby DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ COY M. VANCE COMMISSIONER
S/ ________________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER