I concur in finding that plaintiff's contraction of occupational asthma was due to causes and conditions characteristic of and peculiar to plaintiff's employment, that such disease is not an ordinary disease of life to which the general public not so employed is equally exposed, and that plaintiff's occupational asthma is thus a compensable occupational disease. However, I disagree with the majority's conclusion that plaintiff has failed to prove by the greater weight of the evidence that she is disabled by her occupational disease, and thus not entitled to disability compensation under the North Carolina Workers' Compensation Act.
The majority found that "plaintiff's doctors have all agreed that she is able to work with the permanent restriction that she avoid exposure to chemical and other fumes" (emphasis added). Given such restriction, it may be difficult for plaintiff to find suitable employment. This fact will likely be compounded by plaintiff's lack of education. The record shows that plaintiff never received a high school diploma, or any other equivalent degree. As the majority cited to in Demery v. Perdue Farms,Inc., 143 N.C. App. 259, 545 S.E.2d 485, aff'd per curiam, 354 N.C. 355,554 S.E.2d 337 (2001), one of the factors the Commission should consider in determining disability is evidence of preexisting conditions (such as age, inexperience or lack of education) that may cause plaintiff's attempt to find employment to be futile. Id. at 265, 489; See alsoHeffner v. Cone Mills Corporation, 83 N.C. App. 84, 89, 349 S.E.2d 70,75. The majority erred in failing to find that plaintiff's lack of education, coupled with her occupational asthma, will likely make it difficult for plaintiff to find suitable employment.
As the majority also cited to in Demery, another factor the Commission should consider in determining disability is evidence that plaintiff has obtained employment at wages less than her pre-injury wages. Demery at 265, 489. The record shows that plaintiff has not found, or attempted to find, employment. Thus, a decision in regard to the impact of plaintiff's occupational disease on her ability to earn the same wage should be held in abeyance until plaintiff finds employment. At that point, the Commission can make an informed decision, based on evidence, regarding plaintiff's disability if it is shown that plaintiff is unable to earn the same wage as a consequence of her occupational asthma. The majority erred in concluding that plaintiff is not disabled when the record lacks evidence regarding plaintiff's wage earning capacity.
For these reasons, I respectfully dissent in part from the Full Commission's Opinion and Award in this matter. A decision as to plaintiff's disability should be held in abeyance until plaintiff finds employment, thereby permitting the Commission to make a finding in regard to plaintiff's wage earning capacity based upon the evidence of plaintiff's actual wage earnings at that juncture, and award disability compensation if warranted.
This 18th day of March 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER