The majority erred in finding that defendants have met their burden in proving that plaintiff was rightfully terminated for chronic absenteeism that amounted to a constructive refusal to accept suitable employment pursuant to Seagraves v. Austin Co. ofGreensboro, 123 N.C. App. 228, 472 S.E.2d 587 (1996). The two-part Seagraves test provides that defendants must show that plaintiff was terminated from his employment (1) for misconduct or fault unrelated to the compensable injury, and (2) for which a nondisabled employee would ordinarily have been terminated. Id.
In the present case, plaintiff was terminated for violating the defendant-employer's attendance policy by having more than three unexcused absences. However, the evidence of record indicates that such absences were related to an increase in the leg and knee pain that plaintiff experienced as a consequence of her work — related injury. Thus, the termination fails the first prong of the Seagraves test.
The majority erred additionally in finding that it would not be futile for plaintiff to seek work due to preexisting conditions. As the majority cited to in Demery v. Perdue Farms, Inc.,143 N.C. App. 259, 545 S.E.2d 485, aff'd per curiam, 354 N.C. 355,554 S.E.2d 337 (2001), one of the factors the Commission should consider in determining disability is evidence of preexisting conditions (such as age, inexperience, or lack of education) that may cause plaintiff's attempt to find employment to be futile.Id. at 265, 489; See also Heffner v. Cone Mills Corporation,83 N.C. App. 84, 89, 349 S.E.2d 70, 75. The evidence of record regarding plaintiff's education shows that she attended school through the sixth grade in Mexico, and does not otherwise have any other formal training. In light of Demery, the majority erred in failing to find that it would be futile for plaintiff to attempt to seek other employment given plaintiff's lack of education and employable skills coupled with her ongoing knee problems stemming from her work-related injury. Consequently, the majority erred in failing to award plaintiff continuing disability. For these reasons, I respectfully dissent.
This 20th day of July 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER