DOUGLAS PAUL, Employee, Plaintiff,
v.
MECHWORKS MECHANICAL CONTRACTORS, Employer, and KEY RISK INSURANCE COMPANY, Carrier, Defendants.
No. COA08-1245
Court of Appeals of North Carolina.
Filed June 2, 2009
This case not for publication
Lawyers East, by Curtis C. Coleman, III, for plaintiff-appellee.
Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Erica B. Lewis and Erin T. Collins, for defendants-appellants.
MARTIN, Chief Judge.
Plaintiff sustained an admittedly compensable injury to his right hand on 30 April 2003 while working for defendant Mechworks Mechanical Contractors. Defendants paid plaintiff workers' compensation benefits for temporary total disability. Prior to his injury, and continuing thereafter, plaintiff operated two business enterprises selling jewelry, knives, and sports and other memorabilia, as well as paint ball equipment, which he conducted via the Internet and at various weekend shows and events. On 10October 2005, the Industrial Commission entered an order authorizing defendants to cease payment of benefits for plaintiff's noncompliance with discovery requests served by defendants relating to his earnings from these enterprises. On 8 February 2006, the Commission modified its earlier order authorizing the suspension of benefits and directed that "[i]f defendants wish to suspend compensation, a properly completed Form 24 should be filed." Defendants never resumed providing compensation. Plaintiff ultimately returned to work for another employer on 27 November 2006.
Following a hearing, a deputy commissioner entered an opinion and award ordering defendants to pay plaintiff temporary total disability compensation for the period between 10 October 2005, when compensation was suspended, and 27 November 2006, the date upon which plaintiff returned to work. The Full Commission affirmed the deputy commissioner's award with minor modifications. Defendants appeal.
By their first argument, made in support of fourteen assignments of error relating to facts found by the Commission and the conclusions it drew therefrom, defendants argue "[plaintiff] made material misrepresentations in order to procure workers' compensation benefits and the Full Commission erred when it failed to independently review the material evidence of record and sanction [plaintiff]." This argument ignores the well-established standard of review applicable to appeals from awards of the industrial Commission. Our review "is limited to a determination of (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are supported by the findings." Barham v. Food World, Inc., 300 N.C. 329, 331, 266 S.E.2d 676, 678, reh'g denied, 300 N.C. 562, 270 S.E.2d 105 (1980). "The appellate court does not retry the facts." Morrison v. Burlington Indus., 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981). "`The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.'" Adams v. AVX Corp., 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (quoting Anderson v. Lincoln Constr. Co., 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965)), reh'g denied, 350 N.C. 108, 532 S.E.2d 522 (1999). Thus, the Industrial Commission's findings of fact are conclusive on appeal when supported by any competent evidence, "`even though there be evidence that would support findings to the contrary.'" Hassell v. Onslow Cty. Bd. of Educ., 362 N.C. 299, 305, 661 S.E.2d 709, 714 (2008) (quoting Jones v. Myrtle Desk Co., 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965) (per curiam)).
In this case, a majority of the Full Commission found that plaintiff did not make any false statements or representations of material facts for the purpose of obtaining benefits. See N.C. Gen. Stat. § 97-88.2 (2007) (proscribing such conduct). Thus, although the evidence against plaintiff's representations indeed may be "voluminous," as defendants maintain, the Commission was free to find, and found, plaintiff's testimony credible. The assignments of error upon which this argument is based are overruled.
By their second argument, defendants challenge the following finding of fact:
Based on the totality of the evidence of record, and in particular the opinion testimony of Drs. Wooten and Moore, the Full Commission finds that the compensable injury of April 30, 2003, caused Plaintiff's carpal boss injury and carpal tunnel syndrome and aggravated the pre-existing scaphoid condition.
Defendants argue, and plaintiff concedes, that Dr. Wooten did not testify that the compensable injury caused and aggravated plaintiff's conditions. Defendants do not argue, however, that Dr. Moore's testimony does not support the finding. Rather, defendants argue that Dr. Moore's testimony was incompetent because it was "premised upon a `history' presented by [plaintiff] which completely differ[ed] from the history [plaintiff] presented to the Commission." We are unpersuaded.
The Commission found that the history plaintiff presented to it was as follows:
On April 30, 2003 Plaintiff was performing a welding job for the DefendantEmployer on site at Craven Regional Medical Center in New Bern, Craven County, North Carolina. He was working on a piece of pipe weighing between 250 and 300 pounds that is called a "T", which is a junction of pipes. The "T" was resting on two "sawhorses", themselves made of pipe, while Plaintiff welded a "90", a pipe that turns 90 degrees to the "T". The pipes out of which the sawhorses were made were covered with red paint or primer. Plaintiff's right hand was inside the "T" with the palm facing up while he welded with his left hand. During the act of welding, the sawhorse kicked out from under the "T" it was supporting, causing the pipe it was supporting to fall. The falling pipe caused Plaintiff's right hand to strike against the steel pipe of the sawhorse, and the weight of the "T" caught Plaintiff's ring and pinky fingers causing severe lacerations and a crushing injury to those fingers, despite the fact that Plaintiff was wearing a glove. Plaintiff's fingers were bleeding and his glove had a red mark on the back of the wrist area where Plaintiff's hand struck the sawhorse.
Dr. Moore, apparently reading from notes he wrote after evaluating plaintiff, testified in his deposition that plaintiff presented the following history to him: "[T]he patient sustained an injury of the right wrist on [30 April 2003] when a 200-pound pipe fell onto his hand." Dr. Moore's abbreviated recitation of plaintiff's history does not "completely differ[]" from the Commission's finding. The Commission found that the 200-plus-pound "T" caused a "crushing injury" to plaintiff's hand. Dr. Moore testified that, according to plaintiff, a 200-pound pipe fell onto his hand. While the Commission's finding was much more detailed than Dr. Moore's brief summary, the two histories do not conflict. Accordingly, the assignments of error upon which this argument is based are overruled.
Lastly, defendants point to the Commission's finding that plaintiff failed to prove he was totally or partially disabled following his compensable injury, "with the exception of periods of time when Plaintiff was taken completely out of work by one of his doctors," to challenge the Commission's conclusion that
[d]efendants have failed without good cause to re-instate temporary total disability benefits as directed by the order of the Executive Secretary on February 8, 2006. Industrial Commission Rules 903 and 404. Thus, Defendants shall pay to Plaintiff temporary total disability benefits from October 10, 2005, when the benefits were stopped pursuant to an order of the Executive Secretary issued on that date, until November 27, 2006, when Plaintiff returned to work at a wage equal to or greater than his pre-injury average weekly wage.
Citing Heffner v. Cone Mills Corp., 83 N.C. App. 84, 349 S.E.2d 70 (1986), defendants argue that since the Commission found that plaintiff failed to prove he was disabled, the Commission erred in awarding disability compensation. See id. at 8788, 349 S.E.2d at 74 (stating that, in order for the Commission to award disability compensation, a plaintiff must prove incapability of earning the same wages in the same or any other employment) (citing Hilliard v. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982)). Defendants, however, admitted plaintiff's right to compensation under N.C.G.S. § 97-18(b) and began paying benefits. Defendants' admission constituted an award under the Workers' Compensation Act, and, thus, defendants were not at liberty to unilaterally suspend payments without an order from the Commission. N.C. Gen. Stat. §§ 97-18.1, 97-47 (2007). Defendants' argument is misplaced, and the assignments of error upon which it is based are overruled.
AFFIRMED.
Judges CALABRIA and STEELMAN concur.
Report per Rule 30(e).